# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Douglas S. Curran, Esq.**
Partner
curran@braunhagey.com

August 12, 2021

<u>VIA ECF</u>

The Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Kraus v. Snow Teeth Whitening LLC et al.*, 2:20-cv-6085 (JMA) (ST)

Dear Judge Tiscione:

    We represent Defendants Snow Teeth Whitening LLC, Foresold LLC, and Joshua Elizetxe (collectively, "Snow") in the above-referenced action. We write in response to Plaintiff's letter this morning regarding tomorrow's in-person settlement conference. Plaintiff did not confer with Defendants regarding the content of the letter or the relief he requests. Indeed, Plaintiff's filing is the first that Defendants have heard that Plaintiff is not planning to attend the mandatory settlement conference in his own lawsuit. The request should be denied.[1]

    Your Honor issued an order on July 16, 2021—nearly a month ago—scheduling tomorrow's conference and indicating that it will go forward "in-person." (ECF No. 33). The parties exchanged settlement correspondence on July 31 and August 6 pursuant to Your Honor's Individual Practice Rule II(B)(1), all of which was keyed to the August 13 date of the settlement conference. Your Honor's rules also require that the parties themselves attend in person. Rule II(B)(3) states:

> Because the Court generally sets aside significant time for each conference, it is difficult for a party who is not in attendance to appreciate the process and the reasons which may justify a change in one's perspective towards settlement. In that regard, and because the Court and the parties invest significant resources in these conferences, all efforts should be made to ensure the appearance of the parties.

    As a result, Defendants' representative and settlement decisionmaker, Mr. Kyle Harris, who is based in Phoenix, Arizona, is traveling more than 2,000 miles to New York today in order to be in attendance in person tomorrow, as required. Even though Plaintiff lives in Huntington,

---

[1] Plaintiff's request for accommodation and/or adjournment was also submitted less than 48 hours before the conference, and does not otherwise satisfy the requirements of Individual Practice Rule I(D). It should be denied for that reason alone. *See* Rule I(D) ("Requests not containing the follow[ing] will be denied . . . .").

New York—which is less than 20 miles from the courthouse—and has known about the settlement conference for weeks, his lawyers now request that he be permitted to not attend. They make this request not because of a serious medical condition or an unavoidable emergency, but because Plaintiff "*is on vacation*" and there was "apparently a miscommunication" about the date of the conference that has been set for almost a month. Plaintiff's lawyers do not even provide an assurance that Plaintiff will be reachable during the mandatory settlement conference, saying only that they are "hopeful" that he will be "available by telephone."

Plaintiff also invokes a letter motion regarding a discovery dispute that he has filed today as a reason to postpone the settlement conference. That motion is meritless—as Plaintiff seeks documents and information far outside the scope of limited Phase I discovery—as Defendants explained during the parties' meet and confer teleconference regarding the dispute on July 27, 2021, more than two weeks ago. Defendants will respond to the motion in due course, but Plaintiff's attempt to interject this discovery dispute now should be disregarded.

\* \* \*

Plaintiff and his lawyers have initiated a putative class action lawsuit seeking millions of dollars in purported damages. From the outset, nearly eight months ago, they have made every effort to draw the dispute out as much as possible in order to, in their view, maximize their settlement leverage and extract an outsized payment from Defendants. Plaintiff's testimony during his August 4, 2021 deposition revealed what Defendants have maintained all along: that the lawsuit has no basis in reality.

In particular, among other things, Plaintiff acknowledged that he cannot recall ever having actually seen **any** of the purported misstatements in the complaint (which was drafted before he had even purchased the product), much less did he recall relying on in any way. (*E.g.*, Aug. 4, 2021 Kraus Dep. Tr. 136:10-18 ("Q. Mr. Kraus, do you know if -- do you have a recollection of having relied on this ad as part of the reason that you purchased your product? A. **I thought I just explained that I'm not sure if I have ever seen this particular ad, so I don't know how I could have relied on the ad that I'm not sure if I ever saw.** I don't know, this is head spinning man." (emphasis added)); *see also* ECF No. 38 at Ex. A (setting forth a variety of similar concessions). Faced with these inescapable admissions, Plaintiff's lawyers now ask to excuse him from the settlement conference entirely. They should not be permitted to do so.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request and direct that the conference go forward tomorrow as scheduled, with all attorneys and parties present in person.

If the conference is postponed or cancelled, or the Plaintiff fails to appear as required, Defendants respectfully request that the Court order Plaintiff and his attorneys to reimburse Defendants for the attorney time spent preparing for the conference and the travel time and expenses incurred by Defendants' representative.

Respectfully submitted,

Douglas S. Curran

CC: Counsel of record (via ECF)