# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Douglas S. Curran, Esq.**
Partner
curran@braunhagey.com

August 18, 2021

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: **Motion to Dismiss for Lack of Standing Under Fed. R. Civ. P. 12(b)(1)—**
     *Kraus v. Snow Teeth Whitening LLC, et al.*, 2:20-cv-6085 (E.D.N.Y.) (JMA)(ST)

Dear Judge Azrack:

  We represent Defendants Snow Teeth Whitening LLC, Foresold LLC, and Joshua Elizetxe (collectively, "Snow") in the above-referenced matter, and we write to request a pre-motion conference pursuant to Rule IV(B) of Your Honor's Individual Rules. Plaintiff's recent deposition testimony has revealed that he does not have Article III standing to pursue this lawsuit, such that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

  Defendant Snow is a small and growing start-up company that designs, produces, and sells teeth-whitening and other cosmetic and oral-health products. Snow's flagship product, a whitening system that incorporates an LED light in a mouthpiece, has been shown to be both effective and easy to use. Snow's sales and consumer base have grown quickly, with the reviews and testimonials on Snow's website revealing thousands of satisfied customers. Those reviews give an average product rating of 4.9 out of 5 stars, a satisfaction level that is also reflected in the reviews of Snow customers from third-party retailers including Target, (4.8 stars), Amazon (4.4 stars), and Best Buy (4.4 stars). (*See* ECF No. 20 at Ex. 1 for customer testimonials).

  Plaintiff's lawyers brought this lawsuit against Snow claiming that Plaintiff was injured by purchasing a purportedly ineffective product after viewing purportedly misleading advertising. But at his August 4, 2021 deposition, Plaintiff admitted that he made his purchase only **after** his lawyers—one of whom he has been friends with for decades—had drafted the complaint and only **after** they had sent a demand letter to Snow seeking a multimillion-dollar settlement payment. Following the company's rejection of that demand, Plaintiff purchased the product from Snow's website, adopted the allegations in his lawyers' draft complaint as his own, and joined the lawsuit as the named class representative. Plaintiff further admitted that he could not recall actually seeing, much less relying on, **any** of the supposedly misleading advertisements identified in his own pleading—no doubt because the complaint was drafted before he had even purchased the product.

  These revelations came after Plaintiff's lawyers had launched a nationwide media blitz in which they sought to embarrass Snow and the other Defendants by widely publicizing the complaint's false allegations. The suit initially named Snow's celebrity endorsers, NFL star Rob Gronkowski and champion boxer Floyd Mayweather, as defendants on the sole basis that they had appeared in advertisements for Snow's products. Neither had anything to do with the purported misrepresentations cited in the pleading, and they had no involvement in managing the

company or making strategic business decisions regarding the marketing of Snow's products—and the complaint did not allege otherwise. It was only after Defendants moved to dismiss those individuals from the suit—and Judge Feuerstein informed Plaintiff's attorneys that they would be sanctioned if they pursued baseless claims that wasted judicial resources—that Plaintiff dropped those individuals from the case.

The record now shows that Plaintiff's claims against the remaining Defendants fare no better. The parties recently completed Phase I discovery pursuant to Magistrate Tiscione's Individual Practice Rules, during which period Defendants have taken Plaintiff's sworn deposition testimony. That testimony reveals beyond any question that Plaintiff does not have standing to bring this lawsuit because, as noted, he did not recall even seeing—let alone relying on—any purportedly false statement contained in the operative complaint. For instance, when asked if he had "a recollection of having relied on [one of the principal advertisements included in the complaint] as part of the reason that [he] purchased [Snow's] product," Plaintiff responded, "**I'm not sure if I have ever seen this particular ad, so I don't know how I could have relied on the ad that I'm not sure if I ever saw.**" (Kraus Aug. 4, 2021 Dep. Tr. 136:10-18 (emphasis added)).

In light of the incurable admissions made during his deposition, Plaintiff cannot establish the elements of his claims, including reliance, causation, and harm, and therefore does not have standing to pursue this lawsuit. Defendants intend to move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### A. Plaintiff Does Not Have Standing to Bring this Lawsuit

A plaintiff who cannot establish either reliance, causation, or injury in fact does not have standing to pursue a lawsuit. *E.g.*, *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012) (holding plaintiff lacked standing because she could not show that the defendant company had actually misled her); *TransUnion LLC v. Ramirez*, — S. Ct. —, 2021 WL 2599472 (June 25, 2021). During his August 4, 2021 deposition, Mr. Kraus testified that he did not remember seeing **any** of the supposed misrepresentations included in the complaint that he was asked about. For instance:

| Am. Compl. ¶ | Question | Answer |
|---|---|---|
| ¶ 4 | Q. You've never seen this ad on Instagram before, have you? | A. I don't remember if I've seen that particular smiley face. (Tr. 134:15-18) |
| ¶ 4 | Q. Mr. Kraus, do you know if -- do you have a recollection of having relied on this ad as part of the reason that you purchased your product? | A. I thought I just explained that I'm not sure if I have ever seen this particular ad, so I don't know how I could have relied on the ad that I'm not sure if I ever saw. I don't know, this is head spinning man. (Tr. 136:10-18) |
| ¶ 8 | Q. So nothing about the number of countries had anything to do with your decision? | A. I didn't recall seeing that in their advertisement, I don't remember. I might have read it at the time. I don't recall seeing it or registering it or giving you a good answer now in regard to the 200 countries. (Tr. 137:21-138:5) |
| ¶ 32 | Q. Did you -- did the assertion that Snow has over 1 million monthly shoppers play any role in your decision to purchase the product? | A. No. (Tr. 151:6-10) |
| ¶ 33 | Q. . . . As you sit here right now, do you remember ever having seen any reference to 500,000 happy customers and 16,000 5-star reviews prior to buying your product? | A. I don't recall if I saw that or not. (Tr. 151:23-152:5) |

| | | |
|---|---|---|
| ¶ 35 | Q. As you sit here right now do you remember any such claim about No. 1 rated teeth whitening kit in the world having any influence on your decision to purchase the product? | A. I said I don't recall the exact No. 1 rated claim. (Tr. 153:11-15, 153:23-24) |
| ¶ 35 | Q. So you don't remember, one way or the other, whether you saw this claim or it had anything to do with your decision to purchase the product, is that right? | A. I don't recall specifically or remember seeing that claim. (Tr. 153:25-154:6) |
| ¶ 36 | Q. Mr. Kraus, do you have any recollection as you sit here today, whether you saw any claim, in advance of you purchasing the product, about whether Snow was placed in 1,500 luxury spas in China? | A. I don't remember if I saw that specifically. (Tr. 154:23-155:5) |
| ¶ 36 | Q. You don't remember whether you relied on that or credited that claim in making the decision to purchase the product, right? | A. Right. (Tr. 155:6-10) |
| ¶ 44 | Q. Have you ever seen this video to your recollection, if it is a video? | A. I don't recall seeing -- no, I don't remember. (Tr. 156:13-16) |
| ¶ 48 | Q. You don't have any recollection of seeing this photo prior to making your decision to purchase the product, right? | A. I don't remember if I saw that specific photo. (Tr. 158:19-23) |
| ¶ 52 | Q. Do you remember seeing any article in January 2019 issue of Oprah Magazine that had anything to do with Snow? | A. No. (Tr. 160:9-12) |
| ¶ 55 | Q. Did you ever hear of a website called truth in advertising . . . [d]o you know anything about a website called Truth in Advertising.org? | A. I know the phrase, truth in advertising, but not the website you are referencing, no. (Tr. 161:7-14) |
| ¶ 67 | Q. Do you have any recollection of ever having watched Home Shopping Network at any point in the last three years? | A. I don't watch it, no, sir. (Tr. 161:3-6) |

These admissions are dispositive. The lawsuit seeks to recover millions of dollars for the purported false advertising regarding Snow's products, but this testimony shows that the complaint's allegations are not based on any actual consumer experience—whether Plaintiff's or otherwise—and that Plaintiff was not misled, did not rely on any of the statements alleged in his complaint, and has not suffered any injury. Instead, the allegations were devised by lawyers seeking to force a small start-up company to pay an oversize settlement. Plaintiff lacks standing to pursue any claim against Snow. The case should be dismissed.

### B. Plaintiff Should Not Be Permitted to Amend the Complaint

Further, Plaintiff should not be permitted to amend his complaint in an effort to cure his lack of standing, including by naming additional putative class representatives. A plaintiff without Article III standing in the first place cannot be granted leave to amend to cure that defect. *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim."); *MacGregor v. Milost Glob., Inc.*, 2019 WL 2453340, at *8 (S.D.N.Y. Apr. 19, 2019), *adopted* 2019 WL 2723522 (S.D.N.Y. July 1, 2019) ("When subject matter jurisdiction is wanting because the plaintiff presently named in the complaint lacks standing, a court cannot grant leave to amend under Rule 15 to add a plaintiff for purposes of curing the jurisdictional defect."). The case should therefore be dismissed with prejudice.[1]

Respectfully submitted,

Douglas S. Curran

cc: All counsel of record (via ECF)

---

[1] Plaintiff filed a motion for leave to amend on August 3, 2021 (ECF No. 34), which was denied as procedurally improper on August 17, 2021, (ECF No. 42). That motion should be denied if resubmitted to the Court.