## MINTZ & GOLD LLP
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

August 25, 2021

**By Letter Via ECF**
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:   *Kraus v. Snow Teeth Whitening LLC et al.*
              2:20-cv-6085 (JMA) (ST)

Dear Judge Azrack:

      We represent Plaintiff Burton Kraus ("Plaintiff") in the above-captioned action. We write in response to the Pre-Motion Conference Letter (ECF No. 43) of Defendants Snow Teeth Whitening LLC, Foresold LLC, and Joshua Elizetxe (collectively, "Defendants"), pursuant to Rule IV.B. of Your Honor's Individual Rules. For the reasons set forth below, we respectfully submit that Defendants' putative motion to dismiss for lack of standing is completely meritless.

      Plaintiff brings this putative class action against Defendants on behalf of a class of New York purchasers of Defendants' teeth whitening products, alleging violations of New York General Business Law §§ 349-350, breaches of express warranty and implied warranty of merchantability, and unjust enrichment (ECF No. 23). Plaintiff alleges that Defendants have made and continue to make material misrepresentations regarding their products, most importantly that their LED light enhances or accelerates the teeth whitening process. Defendants charge consumers $100 more than the cost of comparable teeth whitening products with no light. However, Plaintiff's testing of Defendants' LED light demonstrates that the effect of the light is negligible. In other words, Defendants' customers are paying an extra $100 for an LED light that does nothing. As alleged in the Amended Complaint, Defendants have made several other false or misleading statements about their products, including, but not limited to, the LED light's patented or patent-pending status, awards and accolades their products have garnered, and the scientific research they have performed or obtained to support their claims. Defendants have even sought to capitalize on the COVID-19 pandemic, suggesting that their products have antiviral or antibacterial properties.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Joan M. Azrack
August 25, 2021
Page 2

Defendants' putative motion to dismiss for lack of standing is consistent with their ongoing efforts to avoid the merits of this action and instead evade liability on procedural technicalities. Despite agreeing to produce "documents 'pertaining to the efficacy of Snow's products,' which is the topic at the heart of Plaintiff's claims" (ECF No. 27, at 3), Defendants have produced no support for their claim that their LED light enhances or accelerates the teeth whitening process. Defendants produced no quantitative analysis that controlled for the effect of their LED light on the teeth whitening process. As a matter of fact, despite public claims that Defendants spent "$2.3 million in research and development" and that Defendants' products have "succeed[ed] in *countless* studies," Defendants produced only two studies of the whitening effect of Defendants' products, neither of which controls for the marginal effect of Defendants' LED light, and both of which were performed *three months after* the filing of this action at a purported cost to Defendants of $1,775 each. With no substance to support their claims, Defendants must resort to picking off plaintiffs. However, additional New York plaintiffs stand ready to join this lawsuit or to file a new one (*see* ECF No. 34). Thus, Defendants' motion is a pointless procedural attempt to delay the inevitable–a class action lawsuit brought by many of Defendants' victims who have overpaid for a useless light that Defendants sold them.

Defendants' dismissal argument boils down to a single factually and legally inaccurate sentence in their letter: "Plaintiff does not have standing to bring this lawsuit because, as noted, he did not recall even seeing—let alone relying on—any purportedly false statement contained in the operative complaint." (ECF No. 43, at 2). Defendants' argument is factually wrong because Plaintiff did recall seeing an advertisement that exemplifies Plaintiff's core claim, that the centerpiece of Defendants' marketing campaign—that their LED light enhances or accelerates the teeth whitening process—is false (ECF No. 23, ¶¶ 1-2, 65-67, 71-72). When asked to describe the advertisement he viewed prior to purchasing Defendants' products, Plaintiff testified that he saw "pictures of Gronk and the light and making all kinds of claims that the light activates the gel and it's new technology …" (Tr. 53:2-5). However, Defendants conveniently omitted this critical testimony from their one-page table-summary of Plaintiff's 200-page deposition transcript (ECF No. 43, at 2-3). Thus, the record is clear at this stage of the proceedings that Plaintiff saw an advertisement displaying Defendants' core misrepresentation, and that he then purchased Defendants' products for $100 more than he would have paid for a competing teeth whitening product without an ineffective LED mouthpiece.

On these facts, Plaintiff clearly has standing to pursue the claims asserted in the Amended Complaint. "A plaintiff has Article III standing if he suffered (1) an injury, (2) caused by the defendant that (3) would be redressed by a favorable judicial decision." *Richards v. Direct Energy Servs., LLC*, 915 F.3d 88, 105 (2d Cir. 2019) (finding plaintiff had standing where "he was (1) charged money, (2) by [defendant], and (3) seeks recompense for this charge"). As to the question of whether Defendants caused Plaintiff's injury, Defendants' argument ignores the clear precedent in this Circuit with respect to proving reliance in a claim under New York General Business Law § 349. "[A] private action brought under [GBL] § 349 does *not* require proof of actual reliance."

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Joan M. Azrack
August 25, 2021
Page 3

*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (emphasis added), citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). As this Court aptly summarized:

> Liability under New York General Business Law §§ 349–350 does not depend on whether class members relied upon the representation when they purchased the [defendants' product], nor does it depend on whether the product met their personal, subjective expectations. Rather, the injury is the purchase price. The fact that some consumers were satisfied with the product is irrelevant. It is not necessary for all of the plaintiffs to have had a uniform experience with respect to the product. The purpose of New York General Business Law § 349 is to punish companies that sell products using advertising that misleads the reasonable consumer.

*Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 531 (E.D.N.Y. 2017) (citations and quotation marks omitted). Thus, that Plaintiff may not have relied upon a particular misrepresentation does not absolve Defendants under the statute.

Defendants also erroneously rely on *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59 (2d Cir. 2021), for the broad proposition that "[a] plaintiff who cannot establish either reliance, causation, or injury in fact does not have standing … ." (ECF No. 43, at 2). In *Mahon*, the plaintiff sued Chicago Title Insurance Company, Ticor Title Insurance Company, and Ticor Title Insurance Company of Florida for failing to disclose an available discount on title insurance policies for refinanced properties. However, the plaintiff only purchased title insurance from Chicago Title Insurance Company. *Mahon*, 683 F.3d at 60. The plaintiff did not allege "any dealings with the Ticor entities." *Id.* at 61. The Court of Appeals affirmed the District Court's dismissal of the plaintiff's claims against the Ticor entities for lack of standing because, absent any purchase of insurance from the Ticor entities, the plaintiff could not plead that the Ticor entities caused her injury. The plaintiff's error in *Mahon* was suing the wrong defendants, not failing to show that she was misled by the defendants' failure to disclose the available discount. Here, there is no dispute that Defendants sold Plaintiff the product at issue. Thus, Defendants' reliance on *Mahon* is misplaced where, as explained above, Plaintiff has sufficiently alleged an injury caused by the misrepresentations of *these* Defendants.

For all the foregoing reasons, Plaintiff respectfully submits that Defendants' putative motion to dismiss for lack of standing is completely meritless. Nevertheless, Plaintiff's counsel are available for a pre-motion conference at the Court's convenience.

                                              Respectfully submitted,

                                              /s/ Steven G. Mintz
                                              Steven G. Mintz

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Joan M. Azrack
August 25, 2021
Page 4

cc:     Counsel of record

       *Via ECF*