# MINTZ & GOLD LLP
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

September 22, 2021

**By Letter Via ECF**
Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Kraus v. Snow Teeth Whitening LLC et al.*
              2:20-cv-6085 (JMA) (ST)

Dear Judge Tiscione:

We represent Plaintiff Burton Kraus ("Plaintiff") in the above-captioned action. We write in response to the Letter Motion for Protective Order Staying Discovery Under Fed.R.Civ.P. 26(c) (ECF No. 47) of Defendants Snow Teeth Whitening LLC, Foresold LLC, and Joshua Elizetxe (collectively, "Defendants"). For the reasons set forth below, we respectfully submit that Defendants' motion to stay discovery should be denied.

At the outset, we note the incongruity between Defendants' present motion for a stay of discovery and their repeated insistence that they want to reach the merits of this case. *See, e.g.*, Defendants' Response to Plaintiff's Letter Motion to Amend, (ECF No. 38) ("Defendants have repeatedly responded that Plaintiff's lawyers should promptly make whatever amendments they saw fit, *so that the case could proceed as quickly to the merits as possible*, … ." (emphasis added)). Plaintiff respectfully submits that Defendants' motion for a stay of discovery is yet another attempt to avoid the merits of this action, particularly now that Defendants can no longer hide behind their shifting interpretations of what documents they were obligated to produce during Phase I discovery.

In any event, Defendants have failed to carry their burden of showing good cause to obtain a stay of discovery. "A party seeking a stay of discovery pursuant to Fed.R.Civ.P. 26(c) bears the burden of showing good cause." *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, No. CV2007-0051 (ENV)(MDG), 2007 WL 2908205, at *1 (E.D.N.Y. Oct. 4, 2007). As the Court is well aware, "the mere filing of a dispositive motion—even one attacking the jurisdiction of the

district court—does not warrant the issuance of a stay under Rule 26(c)." *United States v. Cty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); *accord Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, No. CV 12-1930 (JS)(ARL), 2012 WL 12252587, at *1 (E.D.N.Y. July 12, 2012).

Contrary to Defendants' position as set forth in their Letter Motion, they have *not* made a "strong showing" that Plaintiff lacks Article III standing in this action. As Plaintiff argued in his opposition to Defendant's pre-motion conference letter (ECF No. 45), Plaintiff clearly has standing to pursue the claims asserted in the Amended Complaint. "A plaintiff has Article III standing if he suffered (1) an injury, (2) caused by the defendant that (3) would be redressed by a favorable judicial decision." *Richards v. Direct Energy Servs., LLC*, 915 F.3d 88, 105 (2d Cir. 2019) (finding plaintiff had standing where "he was (1) charged money, (2) by [defendant], and (3) seeks recompense for this charge"). As to the question of whether Defendants caused Plaintiff's injury, Defendants' argument ignores the clear precedent in this Circuit with respect to proving reliance in a claim under New York General Business Law § 349: "[A] private action brought under [GBL] § 349 does *not* require proof of actual reliance." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (emphasis added), citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). As this Court aptly summarized: "Liability under New York General Business Law §§ 349–350 does not depend on whether class members relied upon the representation when they purchased the [defendants' product], nor does it depend on whether the product met their personal, subjective expectations. Rather, the injury is the purchase price." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 531 (E.D.N.Y. 2017) (citations and quotation marks omitted). That Plaintiff may not have relied upon a particular misrepresentation does not absolve Defendants under the statute.

Defendants' claim that "Plaintiff admitted repeatedly that he did not recall having seen or relied on **any** of the allegedly misleading advertisements detailed in the complaint," (ECF No. 47, at 2 (emphasis in original)), is demonstrably false. Plaintiff testified that he recalled seeing an advertisement that exemplifies Plaintiff's core claim, that the centerpiece of Defendants' marketing campaign—that their LED light enhances or accelerates the teeth whitening process—is false (ECF No. 23, ¶¶ 1-2, 65-67, 71-72). When asked to describe the advertisement he viewed prior to purchasing Defendants' products, Plaintiff testified that he saw "pictures of [Rob Gronkowski] and the light and making all kinds of claims that the light activates the gel and it's new technology …" (Tr. 53:2-5). Thus, the record is clear at this stage of the proceedings that Plaintiff saw an advertisement displaying Defendants' core misrepresentation, and that he then purchased Defendants' products for $100 more than he would have paid for a competing teeth whitening product without an ineffective LED mouthpiece.

Furthermore, Defendants' letter motion cites to a portion of Plaintiff's deposition testimony unrelated to Plaintiff's claims about Defendants' core misrepresentations. During Plaintiff's deposition, Defendants' counsel showed Plaintiff the advertisement captured in Paragraph 4 of the Complaint, marked for identification as Exhibit 5. This advertisement promotes the antiviral and antibacterial properties of Defendant's LED mouthpiece, which, though false, are merely one of several secondary misrepresentations made by Defendants. When shown this advertisement,

Plaintiff testified: "I'm not sure if I have ever seen this particular ad, so I don't know how I could have relied on the ad that I'm not sure if I ever saw." (ECF No. 47, at 2). But given the content of the advertisement itself, whether Plaintiff ever saw this particular false advertisement does not bear on his standing to pursue his claims.

Thus, as to the first factor, Defendants have utterly failed to make a "strong showing" that Plaintiff's claim is unmeritorious.

As to the second factor, Plaintiff's discovery requests are indeed broad, but not unduly so. The breadth of Plaintiff's discovery requests is commensurate with Defendants' years-long campaign of false and misleading marketing and advertising of their products. See *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, No. CV2007-0051(ENV)(MDG), 2007 WL 2908205, at *4 (E.D.N.Y. Oct. 4, 2007) ("While plaintiff's discovery requests are broad, the breadth of those requests is commensurate with the nature and scope of the claims alleged."). To the extent that Defendants seek to narrow Plaintiff's requests, or avert them entirely, Defendants should timely file their responses and objections to Plaintiff's requests, rather than seek an outright stay of discovery. *See Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Any objections to individual discovery requests can be dealt with accordingly, and are not proper grounds for a Rule 26 protective order."). We also encourage the Court to view with some skepticism the notion that Plaintiff's discovery requests will require Defendants to review "thousands upon thousands of documents." As the Court is well aware, although Defendants publicly claimed that they spent "$2.3 million in research and development" and possessed "countless" studies of their products' purported performance, Defendants have only produced two studies which were performed three months after the filing of this action, a "consumer perception study," and a report concerning Defendants' products by Dental Advisor. Thus, there is good reason to believe that Defendants' documents may not be as voluminous as Defendants fear, and therefore the Court should find that this factor weighs against a stay of discovery.

Finally, absent a showing of good cause based on the merits of Defendants' motion to dismiss and the undue burden of proceeding with discovery, the prejudice inquiry is moot. *See Guiffre v. Maxwell*, 2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay.").

For all the foregoing reasons, Plaintiff respectfully submits that Defendants' motion for a protective order staying discovery pursuant to Fed.R.Civ.P. 26(c) should be denied.

Respectfully submitted,

/s/ Steven G. Mintz
Steven G. Mintz

cc:     Counsel of record

       *Via ECF*